**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

No. 16-15895

INDEPENDENT PARTY, and WILLIAM LUSSENHEIDE,

Plaintiff-Appellants,

v.

ALEJANDRO PADILLA, in his official capacity as Secretary of State of California,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Eastern California

Honorable Judge William B. Shubb Presiding

District Court No. 2:16-CV-00316-WBS-CKD

**REPLY BRIEF OF PLAINTIFF-APPELLANTS**

Robert E. Barnes (State Bar No. 235919)

601 South Figueroa Street, Suite 4050

Los Angeles, California 90017

Tel: (310) 510-6211/ Fax: (310) 510-6225

E-mail: robertbarnes@barneslawllp.com

Counsel for Plaintiff-Appellants

**TABLE OF CONTENTS**

**Page**

INTRODUCTION …………………………………………………………..3

ARGUMENT …………………………………………………………..4

I.  APPELLANTS' SUFFERED A SEVERE BURDEN TO THEIR
    FIRST AND FOURTEENTH AMENDMENT RIGHTS AS A
    RESULT OF THE APPELLEE'S WRONGFUL APPLICATION
    OF CALIFORNIA ELECTIONS CODE 5001 …………………………...4

    A.   The Burden On Appellants' First And Fourteenth
         Amendment Rights Was Not "Slight," And Appellee's
         Reliance on *Chamness* and *Timmons* Is Misplaced ………………6

CONCLUSION …………………………………………………………12

# TABLE OF AUTHORITIES

**CASES**                                                          **Pages**

*Williams v. Rhodes*, 393 U.S. 23, 31 (1968.) …………………………………………..2

*Riddell v. Nat'l Democratic Party*, 508 F.2d 770, 776 (5th Cir. 1975) …..3, 7, 8, 9

*Kusper v. Pontikes*, 414 U.S. at 57, 94 S.Ct. at 307 ………………………………3

*Anderson v. Celebrezze* 460 U.S. 780, (1983) ……………………………………..3

*Chamness v. Bowen*, 722 F.3d 1110 (9th Cir, 2013) ………………………..4, 5, 6

*Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997) …………….4, 5, 6

## INTRODUCTION

The Appellee's response brief fails to appreciate the severe burden placed on the Appellants' First and Fourteenth Amendment rights by his refusal to allow the Appellants to associate as an official political body under a name of their choice. Appellee asserts that Appellants are "free to organize and express their political beliefs" while simultaneously preventing them from doing just that. RB at 12. Appellee asserts that Appellants are still free to "support, endorse, vote for, or campaign on behalf of any candidate," just not *their* party designated candidate. *Id*. Appellee's brief, which at times verges on outright mocking of the Appellants, shows that the Appellee still does not fully grasp what it is that the Appellants are attempting to accomplish and why it so strongly implicates their First and Fourteenth Amendment rights.

The Appellants are attempting to associate and register as a qualified political body under the name "Independent Party," with the goal of eventually becoming an officially recognized political party in the State of California. The Appellants choice of the name "Independent Party" was not arbitrary, or done solely to circumvent California law, rather the Appellants are participating in a long and nationwide tradition of using the

name "Independent Party" to assist, and represent candidates who held independent values in getting on the ballot. EOR-29, ¶ 3. No other name adequately represents the Appellants views or effectively serves their goals. By refusing to allow the Appellants to register as a qualified political body under the name of their choosing, the Appellee made it impossible for the Appellants to qualify as an official political party in the State of California and put a candidate on the 2016 presidential election ballot as a recognized candidate of the Independent Party, and thus severely burdened the Appellants' First and Fourteenth Amendment rights.

## ARGUMENT

**I. APPELLANTS' SUFFERED A SEVERE BURDEN TO THEIR FIRST AND FOURTEENTH AMENDMENT RIGHTS AS A RESULT OF THE APPELLEE'S WRONGFUL APPLICATION OF CALIFORNIA ELECTIONS CODE 5001**

"The right to form a party for the advancement of political goals means little if a party can be kept off the election ballot and thus denied an equal opportunity to win votes." *Williams v. Rhodes*, 393 U.S. 23, 31 (1968.) "Substantial burdens on the right to vote or to associate for political purposes are constitutionally suspect and invalid under the First and Fourteenth Amendments and under the Equal Protection Clause unless essential to serve a compelling state interest." *Riddell v. Nat'l Democratic*

*Party*, 508 F.2d 770, 776 (5th Cir. 1975). While it is certainly true that the Constitution largely entrusts to the states the administration of the of the electoral process, "unduly restrictive state election laws may so impinge upon freedom of association as to run afoul of the First and Fourteenth Amendments." *Kusper v. Pontikes*, 414 U.S. at 57, 94 S.Ct. at 307.

In *Anderson v. Celebrezze*, the United States Supreme Court set forth a balancing test that weighs "the character and magnitude of the asserted injury to the rights protected by the First and Fourteen Amendments" against "the precise interests put forth by the State as justifications for the burden imposed," and the court evaluates "the extent to which those interests make it necessary to burden the plaintiff's rights." *Anderson v. Celebrezze* 460 U.S. 780, (1983). The balancing standard in *Anderson* requires the Court to review the interests the government cites as justification for limiting access to the ballot, and to assess whether the interests cited are actual potential problems. *Id*. The *Anderson* test also requires courts to review the burden placed on candidates and their voters. *Id.*

By wrongfully applying California Elections Code 5001 and denying the Appellants qualified political body status, the Appellee made it impossible for the Appellants to eventually qualify as an official political

- 3 -

party in the State of California and put a candidate on the 2016 presidential election ballot, designated as a candidate of the Independent Party. This is not a simple burden on Appellants, it is a complete exclusion from the ballot. When weighed against the Appellee's interest in preventing voter confusion, this is nothing less than a severe burden on the Appellants' First and Fourteenth Amendment rights.

### A. The Burden On Appellants' First And Fourteenth Amendment Rights Was Not "Slight," And Appellee's Reliance on *Chamness* and *Timmons* Is Misplaced.

The Appellee's wrongful application of California Elections Code 5001 prevented Appellants from registering as a qualified political body and participating in the state ran voter tally that would have determined whether the Appellants had enough support to qualify as an official political party. The decision by the Appellee therefore completely prevented the Appellants from placing a candidate on the California ballot for the 2016 presidential election designated as a representative of the Independent Party and, thus, by definition, severely burdened their First and Fourteenth Amendment rights. In his response brief, Appellee relies heavily on *Chamness v. Bowen*, 722 F.3d 1110 (9th Cir, 2013), and *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997), to support his contention

that any burden on the Appellants' rights was "slight," yet both cases are clearly distinguishable from the present matter.

First, Appellee cites *Chamness v. Bowen* to support his proposition that the Appellants' burden was held by the Ninth Circuit to be "slight" and that the prohibition against a primary election candidate designating himself as "Independent" was held to be viewpoint neutral. RB at 18–19. However, *Chamness* involved a completely different factual situation than is present in the instant matter. In *Chamness*, a political candidate challenged the constitutionality of California Senate Bill 6, arguing that the state violated his First Amendment rights by prohibiting him from using the ballot label "Independent" and forcing him to choose between a preferred party designation, "No Party Preference," or a blank space on the ballot. *Chamness v. Bowen*, *supra,* 722 F.3d at 1116. The Court found that the candidate who sought to run for office tried to use the ballot to promote a political message and that he failed to show that the statute he challenged severely burdened his First Amendment Rights. *Id*. at 1117.

Unlike the plaintiff in *Chamness*, the Appellants here were not attempting to use the ballot to promote a political message, but were merely attempting to associate and form a political party under the name

of their choosing. Nonetheless, Appellee now claims that this argument is belied by the Appellants' assertion that the name "Independent Party" most accurately represents their closely held political beliefs. RB at 20. By the Appellee's logic, any potential political party name containing words that carry a political meaning or reflect the party's political beliefs is an attempt at using the ballot to promote a political message and should therefore be rejected—an untenable argument.

Further, the Appellee's reliance on *Timmons v. Twin Cities Area New Party* is equally misplaced. In *Timmons,* the plaintiff, a chapter of the New Party, was attempting to use the ballot to communicate to the public its support for a particular candidate who was already another party's candidate. *Timmons v. Twin Cities Area New Party*, *supra*, 520 U.S. at 358. The Supreme Court in *Timmons* found that Minnesota's law prohibiting a candidate from appearing on the ballot as the candidate of more than one party did not impose a severe burden because the plaintiff and its members were still free to communicate ideas to voters and candidates by campaigning, endorsing, supporting, or voting for their preferred candidate. *Id* at 363–64. No such relief is available to the Appellants here.

While Appellee will argue that Appellants are still able to "support, endorse, vote for, or campaign on behalf of any candidate," this is not what the Appellants set out to do when they applied for official political body status. RB at 12. Appellants sought official political body status with the goal of participating in the state ran tally to determine if they had enough supporters to then seek out official political party status for the purpose of placing their candidate on the 2016 presidential election ballot. SER003, lns. 26-28. Campaigning on behalf of an unaffiliated candidate is not comparable to the act of establishing your own political party for the purpose of putting a presidential candidate on the ballot designated by your political party.

For example, in *Riddell v. National Democratic Party*, the United States Court of Appeals for the Fifth Circuit dealt with a case very similar to the matter at hand. *Riddell* at 779. In *Riddell*, the conflict involved the "Democratic Party of the State of Mississippi" (known as the "Regulars") and the "Democratic Party" (known as the "Loyalists"). *Id*. During the Democratic National Convention of 1964, the Loyalists were formed when the Freedom Democratic Party attempted to unseat the delegation of the official Democratic Party. *Id*. Unsuccessful in 1964, the Loyalists later

succeeded at the National Conventions of 1968 and 1972, and were subsequently recognized as the official Democratic Party of Mississippi. *Id*. As a result, both parties then wanted to use the words "Democratic Party" as part of their party designations. However, the law in Mississippi code annotated Section 3107-01 read as follows: "No political party shall use or register any name or part thereof which has already been registered with the secretary of state by any other political part[ies]." *Riddell*, *supra*, 503 F.2d at 772-73.

The Court declared the statute unconstitutional, explaining:

> "To the extent then that there is meaning to the term 'Democratic Party,' and to the extent that the ability to use the term affects party organization, party contributions, and party loyalty, we believe that the state's attempt to deprive the Loyalists of the opportunity to describe themselves on the ballot as part of the Democratic Party is an unconstitutional and impermissible restraint on the Loyalists' constitutional guarantees of free association." *Id*. at 779.

In regards to voter confusion as a justification for the statute the Court declared:

> "Mississippi asserts an interest in avoiding voter confusion caused by having more than one party using the word 'Democratic' in its name. In our view this interest doesn't rise to the level of a goal so fundamental as to be essential to maintaining the

stability of the state's electoral system nor could the method chosen to accomplish this goal pass constitutional muster, 'for even when pursuing a legitimate interest, a State may not choose means that unnecessarily restrict constitutionally protected liberty.' *Id.* at 778. (quoting *Kusper v. Pontikes*, 414 U.S. at 59, 94 S.Ct. at 308; *Dunn v. Blumstein*, 405 U.S. at 343, 92 S.Ct. 995) *See also Freedom Socialist Party v. Bradbury*, 2001 WL 36099533.

Thus, the Appellee's reliance on *Chamness* and *Timmons* is misplaced because the Appellants here are attempting to establish a political party for the purpose of putting party nominated candidates on the ballot, and not attempting to use the ballot as a means to promote a political message. The Appellee's wrongful enforcement of California Elections Code 5001 has left the Appellants totally, and completely excluded from the ballot, and completely removed any chances the Appellants had to run candidates designated as representatives of their party. As mentioned herein and in AOB, this severe burden is not outweighed by the Appellee's interest in preventing voter confusion, and thus severely burdened the Appellants' First and Fourteenth Amendment rights.

\\\

\\\

## CONCLUSION

For the forgoing reasons, the Appellants respectfully request that the Court reverse the District Court's Order granting the Secretary's Motion for Judgment on the Pleadings.

Dated this 2nd day of December, 2016.

/s/ Robert E. Barnes
Robert E. Barnes, Barnes Law
*Counsel for Plaintiff-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify, pursuant to Federal Rule of Appellate Procedure, Rule 32(a)(7)(C), that the attached REPLY BRIEF OF PLAINTIFF-APPELLANTS:

(1) complies with Federal Rule of Appellate Procedure, Rule 32(a)(7)(B) because it contains 1,972 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure, Rule 32(a)(7)(B)(iii); and

(2) complies with the typeface requirements of Federal Rule of Appellate Procedure, Rule 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure, Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011, in 14-point Book Antiqua font.

Dated this 2nd day of December, 2016.

/s/ Robert E. Barnes
Robert E. Barnes, Barnes Law
*Counsel for Plaintiff-Appellants*

- 11 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on 2nd day of December, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit through the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated this 2nd day of December, 2016.

/s/ Robert E. Barnes
Robert E. Barnes, Barnes Law
*Counsel for Plaintiff-Appellants*